**BUCKS COUNTY LAW DEPARTMENT**          *Attorney for the County Defendants*
55 East Court Street, 5th floor
Doylestown, PA  18901
(215) 348-6464

Tyler B. Burns, Assistant County Solicitor

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY KYLE CANNAFAX, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | Case No. 23-1274-MMB |
| | : | |
| BUCKS COUNTY OF THE COMMONWEALTH OF PENNSYLVANIA, et al., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

Defendant County of Bucks (the "County") and Defendants Warden Carl Metellus, Deputy Warden Kelly Reed, Capt. James Nottingham, Lt. Bret Morris, Lt. Kyle Wylie, Lt. Mark Clayton, Lt. Andrew Kovach, Lt. Christopher Hugg, Lt. Niall Mander, Lt. Christopher Brown, Lt. Nicholas Minasan, Sgt. Nicholas Murphy, Sgt. John Pohopin, Sgt. Andrew Beck, Sgt. Ronald Grous, Sgt. Johnathan Nicoletti, Sgt. Christopher O'Donell, Sgt. Anthony Cruz, Sgt. Noella Cruz, Officer Linda Moore, Officer Robert Leopardi, Officer Jacob Kasprzyk, Officer Ralph Taylor, Officer David Wilt, Officer Beau Burris, Officer Kevin South, and Officer Tony Dowdy (the "Individual Defendants," and with the County, the "County Defendants"), by and through their undersigned counsel, respectfully submit this Reply in support of their Partial Motion to Dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (the "Motion").

**INTRODUCTION**

Pro se Plaintiff Jeremy Kyle Cannafax's response to the Motion (the "Response") spends a majority of its time addressing arguments never raised in the Motion.[1] Resp. 1-5, 7-8. What little the Response attempts to address falls well short of saving Cannafax's claims.

*First*, Cannafax's *Monell* claim based on the Due Process clause is without merit because he had no liberty interest in his medical isolation status. Cannafax does not address any of the caselaw cited in the Motion, and the lone case on which he relies further supports the County Defendants' position.

*Second*, Cannafax similarly fails to address the central argument raised as to the Eighth Amendment claim – the Individual Defendants were not deliberately indifferent as the decision to provide Cannafax with recreation required an exercise of medical judgment that only PrimeCare Medical, Inc. ("PrimeCare") could employ. Cannafax again does not dispute the key facts or the Motion's cited authority. Rather, he relies on inapposite, conclusory assertions.

*Finally*, Cannafax disclaims his request for declaratory relief, and does not contest that he cannot seek punitive damages absent a viable claim against the Individual Defendants. Accordingly, these claims and requests for relief should be dismissed with prejudice.

**ARGUMENT**

**I.   Cannafax did not have a Protected Liberty Interest in his Medical Isolation Status**

At the outset, Cannafax does not dispute that his *Monell* claim based on the procedural Due Process clause fails without an underlying constitutional violation. Mot. 6, 8 (collecting cases). Cannafax, however, devotes nearly all of his Due Process analysis to addressing the sufficiency of

---

[1] The County Defendants did not move to dismiss Cannafax's Eighth Amendment *Monell* or Religious Land Use and Institutionalized Persons Act of 2000 claims against the County. Yet, Cannafax devotes seven pages of his brief to discussing these claims. Resp. 1-5, 7-8. Except where noted herein, these arguments have no relevance to the Motion and will not be further discussed.

2

the process Cannafax received. Resp. 6-7.  But the Motion makes no argument regarding this aspect of Cannafax's claim. Mot. 6-8.  In contrast, the Motion argues that Cannafax did not have a predicate liberty interest in his medical isolation status. *Id.*  Cannafax fails to rebut this point.

Cannafax first contends that his Eighth Amendment rights create a predicate "liberty interest." Resp. 5.  This is incorrect as a liberty interest can only derive directly from the "Due Process Clause or a state statutory scheme."[2] *E.g.*, *Newman v. Beard*, 617 F.3d 775, 783 (3d Cir. 2010) (citing *Asquith v. Dep't of Corr.*, 186 F.3d 407, 409 (3d Cir. 1999)).  As this Court and the Third Circuit have observed, an inmate's Eighth Amendment rights do not establish a protected liberty interest. *E.g.*, *Ball v. Beard*, 396 F. App'x 826, 828 (3d Cir. 2010) (noting "due process and Eighth Amendment claims . . . are distinct"); *Velasquez v. Diguglielmo*, 2012 U.S. Dist. LEXIS 144797, at *65 (E.D. Pa. Sept. 28, 2012) (dismissing due process claim; "Whether [plaintiff's] Eighth Amendment rights were violated, however, is not dispositive of whether he has a liberty interest in freedom from confinement in the RHU.").

Cannafax next argues that he had a general "liberty interest in being free from being housed on mediso status." Resp. 5.  Cannafax does not provide any Third Circuit authority supporting this argument. *Id.* 6-7.  Nor could he as this assertion is directly contrary to the authority cited in the Motion, which he does not address or discuss. Mot. 6-8 (collecting cases).  As set forth in the Motion, it is well settled in this Circuit that an inmate does not have a general protected liberty interest in any particular housing status or classification. *E.g.*, *Turner v. Comm'r Coupe*, 655 F. App'x 47, 50 (3d Cir. 2016) (plaintiff "enjoys no right to any particular housing classification."); *Islaam v. Kubicki*, 2020 U.S. Dist. LEXIS 58882, at *19-20 (M.D. Pa. Apr. 3, 2020) (same);

---

[2] Cannafax does not contend that any state statute provided him a liberty interest. Resp. 5-6.

*Williams v. Del. Cnty. Bd. of Prison Inspectors*, 2018 U.S. Dist. LEXIS 109852, at *19 (E.D. Pa. July 2, 2018) (no liberty interest in "remaining in the general prison population").

Cannafax lastly contends that he had protected liberty interest in his medical isolation status because it imposed an "atypical hardship." Resp. 6. In support, Cannafax relies on a single case – *Shoats v. Horn*, 213 F.3d 140 (3d Cir. 2000). *Id.* But *Shoats* does not corroborate Cannafax's claim. In *Shoats*, the Third Circuit determined that an inmate had suffered an atypical hardship after spending "*eight years* in administrative custody, with no prospect of immediate release in the near future." *Shoats*, 213 F.3d at 144 (emphasis added). This is a far cry from Cannafax's allegations here. Second Am. Compl. ("SAC") § IV, ¶ 4(a). Indeed, courts in this Circuit require far more to find a protected liberty interest stemming from an inmate-housing classification.[3] *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 449-50 (3d Cir. 2020) (collecting cases showing that restricted housing periods beyond three years give rise to a liberty interest); *see also Buehl v. Fisher*, 2012 U.S. Dist. LEXIS 140719, at *19-24 (M.D. Pa. Sept. 28, 2012) (collecting cases; no liberty interest for 125-day stay in restricted and disciplinary housing; "[g]iven the considerations that lead to transfers to administrative custody … one can conclude with confidence that stays of many months are not uncommon."); *Jenkins v. Hayman*, 2010 U.S. Dist. LEXIS 44480, at *31 (D.N.J. Apr. 29, 2010) (one-year administrative segregation insufficient to implicate due process clause); *Griffin v. Vaughn*, 112 F.3d 703, 708-09 (3d Cir. 1997) (disciplinary segregation for 15 months did not impose atypical and significant hardship on prisoner).

---

[3] When discussing other elements of his underlying Due Process claim, Cannafax references the "excellent analysis" in *Brathwaite v. Phelps*, 2023 U.S. Dist. LEXIS 54827 (D. Del. Mar. 30, 2023). Resp. 6. Notably, *Brathwaite* supports the County Defendants' position. *Brathwaite*, 2023 U.S. Dist. LEXIS 54827, at *23-24 (restricted confinement for "periods *beyond three years* g[i]ve rise to a liberty interest, especially when bolstered by indefiniteness."; plaintiff had liberty interest in housing status after being in solitary confinement for periods of "five years and ten months, four years and eight months, three years and nine months, and two years and eight months").

Accordingly, because Cannafax cannot establish a protected liberty interest in his medical isolation status, he cannot allege an underlying constitutional violation. His *Monell* claim based on the Due Process clause therefore fails and should be dismissed. Mot. 6-7 (collecting cases); *Sourbrine v. Byrn*, 2020 U.S. Dist. LEXIS 21636, at *5-6 (E.D. Pa. Feb. 5, 2020) (dismissing *Monell* claim because "no constitutional violation occurred"); *Johnson v. City of Phila.*, 397 F. Supp. 3d 692, 709 (E.D. Pa. 2019) (same).

## II. There is No Eighth Amendment Claim against the Individual Defendants

Cannafax first misconstrues the County Defendants' Eighth Amendment argument as raising an "immunity" defense. Resp. 8A. The Motion, however, argues that the Individual Defendants were not deliberately indifferent under the Eighth Amendment because the decision to provide recreation to inmates on medical isolation required an exercise of medical judgment that only PrimeCare could employ. Mot. 8-13; *id.*, Ex. A (SOP § 4.34(a); "Individuals on Medical Isolation **will not** be permitted yard, except if ordered by the Medical Department [i.e., PrimeCare]." (emphasis in original). The Motion further cites extensive authority from this Circuit dismissing claims against non-medical corrections personnel where the inmate's complaints involved an exercise of medical judgment, and the inmate was under the care of medical professionals. Mot. 8-9 (collecting cases).

Cannafax does not contest this abundance of authority. Resp. 8A-C. Nor does he dispute that: (i) PrimeCare is the statutory health care provider for BCCF, Mot. 11-12 (collecting cases; citing SAC § IV, ¶¶ 2(a)(iii), 2(c)(ii), 2(c)(v), 2(e)(xi), 2(e)(xiv), 4(h)); (ii) he was under PrimeCare's treatment for his medical isolation on a regular (almost daily) basis, Mot. 10 (citing SAC § IV, ¶¶ 2(a)(iii), 2(c)(ii), 2(c)(v), 2(e)(xi), 2(e)(xiv), 4(h); Am. Compl., § IV, ¶ 11(i)); (iii) BCCF policy requires an exercise of medical judgment to offer recreation to inmates on medical

5

isolation[4], *id.* (citing SOP § B-4.34(a)); Mot., Ex. A; and (iv) none of the Individual Defendants are medical personnel or alleged to have the authority to make medical decisions, Mot. 11. These concessions are fatal to the Eighth Amendment claim. Mot. 8-9 (collecting cases).

Cannafax does not cite or discuss any authority in response to the County Defendants' argument. Resp. 8A-C. In the Response's *Monell* discussion, however, Cannafax references *Thomas v. Ponder*, 611 F.3d 1144 (9th Cir. 2010). *Id.* 5. In doing so, he contends that *Thomas* held "prison officials" liable under the Eighth Amendment "because they knew of the length and scope of the inmate's confinement without exercise for 13 months 25 days simply by direct observation." Resp. 5. Construing this as applicable to the Eighth Amendment claim against the Individual Defendants, *Thomas* lends no support.

In *Thomas*, the defendant-prison officials locked down a "maximum security housing" unit and implemented a "modified program" to curtail an endemic of violence. 611 F.3d at 1146-47. Under this program, inmates were "deprived of all out-of-cell exercise, fed in their cells, subjected to strip searches, and … escorted in restraints." *Id.* The unit's captain circulated a memorandum to inmates stating that the only way off the modified program was to: (i) undergo an interview with prison officials; and (ii) sign a "pledge" to follow the prison's rules without violence. *Id.* at 1147. Inmates who refused to sign the pledge, such as the plaintiff, remained on the modified program. *Id.* at 1147-48. In reversing the district court's grant of summary judgment, the Ninth Circuit determined that the modified program's risk to the plaintiff's health was "obvious" to the defendants because they "made and reviewed the decision to keep [plaintiff] confined without out-of-cell exercise." *Id.* at 1152.

---

[4] In reference to the Eighth Amendment claim, Cannafax contends the alleged policy "of refusing to provide Plaintiff with exercise" is "nearly identical to the illegal policy" in *Jolly v. Coughlin*. Resp. 8A. *Jolly*, however, does not discuss or relate to any policy where a health care provider is required to authorize recreation for medically isolated inmates. 76 F.3d 468, 472-73 (2d Cir. 1996).

Here, unlike *Thomas*, none of the Individual Defendants implemented or oversaw a program calculated to deny Cannafax out-of-cell recreation. Nor does the Second Amended Complaint plausibly allege that any of the Individual Defendants made or reviewed the decision to provide Cannafax with recreation while he was medically isolated. Cannafax baldly contends in the Response that he "assert[ed] that Defendants could have granted him yard but chose not to" and that this "should be accepted as true." Resp. 8B. But there are no facts in the Second Amended Complaint supporting this contention – only conclusory "say so" allegations.[5] *E.g.*, SAC § IV, ¶ 3(b)(ii) ("Morris could have ordered officers to take Plaintiff to yard."); *id.* ¶ 3(b)(iv) ("Clayton could have taken plaintiff to the yard at any time."); *e.g., Exeter Twp. v. Gardecki*, 2018 U.S. Dist. LEXIS 212275, at *9-10 (E.D. Pa. Dec. 2, 2018) ("Without more, the Court cannot accept as true the conclusory assertions that [defendant] accessed the server without authorization."); *Kosmalski v. Progressive Preferred Ins.*, 2018 U.S. Dist. LEXIS 74124, at *4-5 (E.D. Pa. May 2, 2018) ("[C]onclusory, unsupported assertions about [defendant's] conduct" insufficient).

At bottom, the defendant-prison officials in *Thomas* implemented a program with the specific intent to deny inmates exercise and made every decision as to whether an inmate came off of the program. 611 F.3d at 1146-48. As explained above and in the Motion, this was not the case here. The Individual Defendants had no authority to offer recreation to inmates on medical isolation. Mot. 8-13; Mot., Ex. A. This decision expressly required PrimeCare to use its medical judgment, which none of the Individual Defendants could exercise or obstruct under Pennsylvania law. Mot. 10-11 ("Individual Defendants had *no authority* to 'put him on the yard list' absent

---

[5] The closest the Second Amended Complaint comes is alleging that supervisors "review a 'lock list,'" and "place [names] on the 'yard list.'" *Id.* ¶ 3(v). Even assuming this allegation is applicable to all the Individual Defendants, this too does not demonstrate that the Individual Defendants had any authority to disregard SOP § B-4.34(a) or to exercise PrimeCare's medical judgment.

7

PrimeCare's approval … [T]his decision was PrimeCare's 'sole province.'" (emphasis in original); *id.*, Ex. A; 37 Pa. Code. § 95.232(5). Accordingly, *Thomas* provides no support.

Cannafax's remaining arguments as to the Eighth Amendment claim are meritless throwaway contentions. Resp. 8B-C. For example, Cannafax argues that "if a policy prohibited an inmate from eating food and as a result that inmate starved to death, an officer cannot claim 'well I'm not a doctor I didn't know that inmate needed food.'" Resp. 8B. This is nothing more than hyperbole that has no analogy to the facts here. It further selectively ignores the facts Cannafax has alleged but does not like (i.e., he was under PrimeCare's care for his medical isolation and the decision to provide recreation required PrimeCare's medical judgment). SAC § IV, ¶¶ 2(a)(iii), 2(c)(ii), 2(c)(v), 2(e)(xi), 2(e)(xiv), 4(h); Mot., Ex. A. Similarly, Cannafax argues he has stated an Eighth Amendment claim based on the Individual Defendants having escorted or not escorted him to the outside yard. Resp. 8B ("How could plaintiff assume anyone but defendants were responsible for giving him yard access when the only people to ever escort him to yard"), *id.* 8C (not escorted to yard in May). But these assertions draw a false equivalency between the ability to *escort* inmates to recreation with the authority to render a medical decision to *authorize* recreation for medically isolated inmates.

In sum, Cannafax fails to rebut the argument that Individual Defendants were not deliberately indifferent. The Eighth Amendment claim against the Individual Defendants thus fails and should be dismissed. Mot. 12-13 (collecting cases); *e.g., Concepcion v. Russell*, 2021 U.S. Dist. LEXIS 40492, at *16-17 (E.D. Pa. Mar. 4, 2021) (Baylson, J.) (collecting cases).

### III. Cannafax Abandons his Request for Declaratory Relief and Cannot Seek Punitive Damages

Despite having brought a request declaratory relief in the Second Amended Complaint, SAC § VI ¶ 1, Cannafax states in the Response that he is "no longer seeking" it, Resp. 8B. Because

Cannafax has renounced this relief and because he is no longer incarcerated at BCCF, his request for declaratory relief should be dismissed. Mot. 13-14 (collecting cases).

While Cannafax states that he is "still seeking punitive damages," Resp. 8B, he does not dispute that he cannot seek them without stating a viable claim against the Individual Defendants. *Id.*; Mot. 13.  As explained above and in the Motion, Cannafax fails to do so. *Supra* § II; Mot. 14 (collecting cases).  Cannafax's request for punitive damages should thus also be dismissed. *Id.*

## CONCLUSION

For these reasons and those stated in the Motion, the County Defendants respectfully request the Court enter an order dismissing with prejudice[6]: (i) Count I against the County insofar as it asserts a violation of Cannafax's Fourteenth Amendment due process rights; (ii) Count II in its entirety; and (iii) Cannafax's requests for declaratory relief and punitive damages.

Date: September 29, 2023

BUCKS COUNTY LAW DEPARTMENT

*/s/ Tyler B. Burns*
By: Tyler B. Burns, Esquire (No. 325660)
Assistant County Solicitor

*Attorney for Defendants County of Bucks, Warden Carl Metellus, Deputy Warden Kelly Reed, Capt. James Nottingham, Lt. Bret Morris, Lt. Kyle Wylie, Lt. Mark Clayton, Lt. Andrew Kovach, Lt. Christopher Hugg, Lt. Niall Mander, Lt. Christopher Brown, Lt. Nicholas Minasan, Sgt. Nicholas Murphy, Sgt. John Pohopin, Sgt. Andrew Beck, Sgt. Ronald Grous, Sgt. Johnathan Nicoletti, Sgt. Christopher O'Donell, Sgt. Anthony Cruz, Sgt. Noella Cruz, Officer Linda Moore, Officer Robert Leopardi, Officer Jacob Kasprzyk, Officer Ralph Taylor, Officer David Wilt, Officer Beau Burris, Officer Kevin South, and Officer Tony Dowdy*

---

[6] The County Defendants argued in the Motion that any dismissal should be with prejudice. Mot. 14.  Cannafax did not respond to this argument.